IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Akiela Babb, individually and on behalf of all others similarly situated, | Case No. 7:21-cv-01493 |
| Plaintiff, | |
| - against - | Class Action Complaint |
| Zarbee's, Inc., | Jury Trial Demanded |
| Defendant | |

Plaintiff alleges upon information and belief, except for allegations pertaining to plaintiff, which are based on personal knowledge:

1. Zarbee's, Inc. ("defendant") manufactures, distributes, markets, labels and sells drug-free cough syrups for children, such as "Nighttime Cough Syrup + Mucus" under the Zarbee's Naturals brand. ("Product").



2.  The front label representation includes a bumble bee and an ivy leaf, the sources of the Product's promoted ingredients, dark honey and ivy leaf extract.

3.  The side panel emphasizes the Product's "natural" ingredients through the terms "chemical free" and "handpicked natural ingredients."

"Dr. Zak Zarbock, a pediatrician and father, couldn't find effective chemical-free products to keep the whole family healthy, so he created his own products including handpicked natural ingredients, whenever possible. The result is Zarbee's Naturals."

Our Children's Cough Syrups are specially formulated, proprietary blends of dark honey made to safely coat the throat and calm occasional coughs.*

4.  Defendant's website and marketing give consumers the impression the Product's ingredients are natural and that its active (those that cause it to have an effect) ingredients are natural:

- NATURAL INGREDIENTS: From vitamins that help support immune systems to cough syrups that soothe, powerful natural ingredients like dark honey, elderberry, & agave form the backbone of our products.

- "Powered by nature"

- "Handpicked, wholesome ingredients"

- Zarbee's Naturals use "handpicked" "wholesome," ingredients consumers will "feel[] good about"

- Zarbee's Naturals products use naturally-sourced functional ingredients to deliver the product benefits.

- Unlike competing products, Zarbee's Naturals products are made with natural ingredients and contain no synthetic, artificial, or highly-processed ingredients or additives.

- Unlike competing products, Zarbee's Naturals products use naturally-sourced functional ingredients to deliver the product benefits.

5. Defendant's website, labeling and marketing make extensive use of testimonials which highlight the Product's "natural" attributes:

- "I absolutely love that it is natural. I love reading the ingredients."

- "It's natural, and tastes like honey."

6. Since the most touted ingredient is natural – honey – consumers will expect that its less touted, yet active ingredients will be natural.

7. The front label statement "Zarbee's Naturals" conveys the message that the product is comprised mainly of natural ingredients and components and that its active or key ingredients are natural.

8. Whether a product is natural is material to consumers because they increasingly seek to purchase and consume products without artificial, synthetic ingredients and made from harsh production processes, for reasons including health, environmental benefit, nutrition and possible adverse reactions to unknown chemical additives.

9. The Food and Drug Administration has not formally defined natural but has established a working definition consistent with their research into consumer understanding of this term, to mean that nothing artificial or synthetic has been included in, or has been added to, a product that would not normally be expected to be in that product.

10. Though the Product's ingredients include Dark Honey, English Ivy Leaf Extract and Grapefruit Seed Extract, it contains non-natural, artificial and synthetic ingredients including melatonin, vitamin C (as ascorbic acid), citric acid and zinc (as zinc gluconate).



11. Though consumers may understand that not every ingredient in the product is natural, they will expect the active ingredients of Melatonin, Vitamin C (as ascorbic acid) and Zinc (as zinc gluconate) to be.

3

12. Citric acid can be derived from natural sources (e.g., lemon, lime and orange) or synthetic sources (e.g., chemical reaction and microbial fermentation).

13. The citric acid used in the Product is not the type from natural sources, but from fermentation of the fungus *Aspergillus niger*.

14. After fermentation, the broth is contaminated by leftover biomass, salts, sucrose, and water.

15. Commonly used methods to purify the broth and recover the citric acid include precipitation with lime and sulfuric acid and filtration to produce free citric acid and reaction with calcium carbonate to neutralize the broth and form the insoluble precipitate calcium citrate.

16. Melatonin is a natural hormone that plays an important role in regulating sleep.

17. However, the melatonin in the Product is not a natural ingredient and is obtained through complex chemical synthesis requiring toxic solvents and catalysts.

18. This involves reducing 5-methoxyindole-3-acetonitrile with ethanol and sodium.

19. The resulting product is acetylated using acetic anhydride and glacial acetic acid, then blended with an inert carrier.

20. Zinc gluconate is produced through use of glucose and *Aspergillus* fermentation (oxidation) to generate gluconic acid.

21. After separation and purification, gluconate is neutralized by zinc oxide or zinc hydroxide for preparation of zinc gluconate.

22. The air catalytic oxidation method involves oxidation of glucose by air to produce gluconic acid under the presence of chemical catalysts until the pH value is between 9.0 and 10.0 to be converted into sodium gluconate.

23. After filtering and separating the catalyst, the sodium gluconate solution is oxidized by strong acid cations into high-purity gluconic acid solution.

24. Then, it is reacted with zinc oxide or zinc hydroxide to form zinc gluconate.

25. Reasonable consumers must and do rely on defendant to honestly report what its products contain – natural ingredients, especially active ingredients that are natural.

26. Defendant misrepresented the Products through affirmative statements, half-truths, and omissions.

27. Defendant sold more of the Product and at a higher price than it would have in absence of this misconduct, resulting in additional profits at the expense of consumers.

28. Had plaintiff and the proposed class members known the truth, they would not have bought the Product or would have paid less for it.

29. As a result of the false and misleading representations, the Product is sold at a premium price, approximately no less than no less than $6.99 for 4 OZ, excluding tax, compared to other similar products represented in a non-misleading way, and higher than it would be sold for absent the misleading representations and omissions.

## Jurisdiction and Venue

30. Jurisdiction is proper pursuant to Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2).

31. Under CAFA, district courts have original federal jurisdiction over class actions involving (1) an aggregate amount in controversy of at least $5,000,000; and (2) minimal diversity.

32. Plaintiff Akiela Babb is a citizen of New York who seeks to represent a class of New York citizens.

33. Defendant Zarbee's, Inc. is a Delaware corporation with a principal place of business

5

in Draper, Salt Lake County, Utah.

34. Diversity exists because plaintiff Akiela Babb and defendant are citizens of different states.

35. Upon information and belief, sales of the Product and any available statutory and other monetary damages, exceed $5 million during the applicable statutes of limitations, exclusive of interest and costs.

36. Venue is proper because a substantial part of the events or omissions giving rise to the claim occurred here – plaintiff's purchase of the Product.

37. Venue is further supported because many class members reside in this District.

### Parties

38. Plaintiff Akiela Babb is a citizen of Newburgh, Orange County, New York.

39. Defendant Zarbee's, Inc. is a Delaware corporation with a principal place of business in Draper, Utah, Salt Lake County.

40. Defendant is a maker of drug-free cough suppressant and immune-support products which differ from traditional versions of these items because they are based on honey.

41. Defendant was acquired by Johnson & Johnson Consumer Inc. in 2018.

42. The Product is sold to consumers from retail and online stores of third-parties across the country.

43. Plaintiff bought the Product, Zarbee's Naturals Children's Cough Syrup* + Mucus with Dark Honey, Grape Flavor, on one or more occasions within the statute of limitations for each cause of action alleged, from one or more locations, including Walgreens, 82 N Plank Rd Newburgh, NY 12550, between January 17 and February 17, 2021.

44. Plaintiff bought the Product at or exceeding the above-referenced price because she wanted to buy a product with the qualities and attributes represented herein and relied upon what the label indicated and/or omitted.

45. Plaintiff would not have purchased the Product in the absence of Defendant's misrepresentations and omissions.

46. The Product was worth less than what Plaintiff paid and she would not have paid as much absent Defendant's false and misleading statements and omissions.

47. Plaintiff intends to, seeks to, and will purchase the Product again when she can do so with the assurance that Product's labeling is consistent with its composition.

## Class Allegations

48. The class will consist of all purchasers of the Product who reside in New York during the applicable statutes of limitations.

49. Plaintiff seeks class-wide injunctive relief based on Rule 23(b) in addition to a monetary relief class.

50. Common questions of law or fact predominate and include whether defendant's representations were and are misleading and if plaintiff and class members are entitled to damages.

51. Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair and deceptive representations and actions.

52. Plaintiff is an adequate representative because her interests do not conflict with other members.

53. No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.

54. Individual actions would risk inconsistent results, be repetitive and are impractical

to justify, as the claims are modest relative to the scope of the harm.

55.   Plaintiff's counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

56.   Plaintiff seeks class-wide injunctive relief because the practices continue.

New York General Business Law ("GBL") §§ 349 & 350
(Consumer Protection Statutes)

57.   Plaintiff incorporates by reference all preceding paragraphs.

58.   Plaintiff and class members desired to purchase products with the attributes highlighted by the labeling and marketing.

59.   Defendant's acts and omissions are not unique to the parties and have a broader impact on the public.

60.   Defendant misrepresented the Product through its statements, omissions, ambiguities, half-truths and/or actions.

61.   Defendant intended that Plaintiff and the Class rely upon Defendant's deceptive conduct, and a reasonable person would in fact be misled by this deceptive conduct.

62.   Defendant knew or should have known that its representations about the Product's flavoring source were material and likely to mislead consumers.

63.   Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

Breaches of Express Warranty, Implied Warranty of Merchantability
and Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*

64.   Plaintiff incorporates by reference all preceding paragraphs.

65.   The Product was manufactured, labeled and sold by defendant and warranted to plaintiff and class members that it possessed substantive, functional, nutritional, qualitative,

compositional, organoleptic, sensory, physical and health-related attributes which it did not.

66. The presence or absence of the relevant components was expressly and impliedly warranted to Plaintiff and others.

67. Defendant had a duty to disclose and/or provide non-deceptive descriptions and marketing of the Product.

68. This duty is based on Defendant's outsized role in the market for this type of Product – non-traditional medicinal-like products.

69. Plaintiff provided or will provide notice to defendant, its agents, representatives, retailers and their employees.

70. Defendant received notice and should have been aware of these misrepresentations due to numerous complaints by regulators and consumers to its main office over the past several years regarding the Product.

71. The Product did not conform to its affirmations of fact and promises due to defendant's actions and were not merchantable because they were not fit to pass in the trade as advertised.

72. Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

<u>Negligent Misrepresentation</u>

73. Plaintiff incorporates by reference all preceding paragraphs.

74. Defendant had a duty to truthfully represent the Product, which it breached.

75. This duty is based on defendant's position, holding itself out as having special knowledge and experience in the sale of the product type.

76. The representations took advantage of consumers' cognitive shortcuts made at the

point-of-sale and their trust in defendant, a well-known and respected brand or entity in this sector.

77. Plaintiff and class members reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, the purchase of the Product.

78. Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

### Fraud

79. Plaintiff incorporates by reference all preceding paragraphs.

80. Defendant misrepresented and/or omitted the attributes and qualities of the Product.

81. Defendant's fraudulent intent is evinced by its failure to accurately disclose the issues described herein, when it knew not doing so would mislead consumers.

82. Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

### Unjust Enrichment

83. Plaintiff incorporates by reference all preceding paragraphs.

84. Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

### Jury Demand and Prayer for Relief

Plaintiff demands a jury trial on all issues.

   **WHEREFORE**, Plaintiff prays for judgment:

1. Declaring this a proper class action, certifying plaintiff as representative and the undersigned as counsel for the class;

2. Entering preliminary and permanent injunctive relief by directing defendant to correct the challenged practices to comply with the law;

3. Injunctive relief to remove, correct and/or refrain from the challenged practices and representations, and restitution and disgorgement for members of the class pursuant to the applicable laws;

4. Awarding monetary damages, statutory damages pursuant to any statutory claims and interest pursuant to the common law and other statutory claims;

5. Awarding costs and expenses, including reasonable fees for plaintiff's attorneys and experts; and

6. Other and further relief as the Court deems just and proper.

Dated:   February 19, 2021

                                                Respectfully submitted,

Sheehan & Associates, P.C.
/s/Spencer Sheehan
Spencer Sheehan
60 Cutter Mill Rd Ste 409
Great Neck NY 11021-3104
Tel: (516) 268-7080
Fax: (516) 234-7800
spencer@spencersheehan.com

7:21-cv-01493
United States District Court
Southern District of New York

Akiela Babb, individually and on behalf of all others similarly situated,

Plaintiff,

- against -

Zarbee's, Inc.,

Defendant

## Class Action Complaint

```
Sheehan & Associates, P.C.
60 Cutter Mill Rd Ste 409
Great Neck NY 11021-3104
   Tel: (516) 268-7080
   Fax: (516) 234-7800
```

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, and belief, formed after an inquiry reasonable under the circumstances, the contentions contained in the annexed documents are not frivolous.

Dated:  February 19, 2021

/s/ Spencer Sheehan
Spencer Sheehan